(93 App. Div. 599.)

PEOPLE ex rel. HUSTED et al. v. BOARD OF TRUSTEES OF VILLAGE OF WHITE PLAINS.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. MUNICIPAL CORPORATIONS—WATERWORKS SYSTEM—AUTHORITY OF WATER COMMISSIONERS—DUTY OF TRUSTEES.

Laws 1896, p. 1013, c. 769, authorizing the village of White Plains to procure and maintain a system of waterworks, empowering the water commissioners to control the same, and directing the village trustees to issue bonds for the amounts required by the commissioners, and certificates of indebtedness to meet deficiencies, requires the trustees to issue bonds for the sum certified by the commissioners to be necessary for the purchase of machinery, etc., without authorizing them to decide on the necessity therefor, and also requires them to issue certificates of indebtedness to meet deficiencies as certified by the commissioners.

2. OFFICERS—INTERFERENCE BY COURTS IN DISCHARGE OF THEIR DUTIES.

In the absence of a supported charge of illegality or fraud, courts have no authority to interfere with public officers in the discharge of their duties.

Appeal from Special Term, Westchester County.

Separate proceedings by mandamus by the people, on the relation of Harvey Husted and others, composing a majority of the board of water commissioners of the village of White Plains, against the board of trustees of the village of White Plains, to compel respondents to issue bonds for the purpose of procuring machinery for the water system of the village, and for the issuance of a certificate of indebtedness to meet a deficiency in the payment of interest on bonds issued, and for other expenses incurred by the board of water commissioners in the maintenance of the water system of the village. From orders directing the issuance of a peremptory writ of mandamus in each proceeding, the respondents appeal. Affirmed.

The following is the opinion of Mr. Justice Keogh at Special Term:

The language of the statute, which is spoken of by counsel as the "White Plains Water Act" (Laws 1896, p. 1013, c. 769), shows very plainly that the

Legislature intended to keep the maintenance and management of the water system of White Plains outside the control of the village trustees. This desire is most aptly and securely accomplished in every section of the act, which deals with the practical control of the water plant, and the expenditures of money for its preservation. Sections 3, 4, 5, 6, 9, 14, and 15 pointedly indicate this intention. Nothing is left to be done by the trustees, except to provide the funds; and this is left to them only to prevent confusion in the fiscal system of the municipality, and to concentrate in one department a complete record of the public indebtedness.

On the 16th of March, 1903, the water commissioners, in pursuance of the statute, certified that the sum of $12,742 was needed to buy machines, lay pipes, erect hydrants, and for the purpose of extending the water works. On March 25, 1903, the commissioners certified to the board that the sum of $3,500 was necessary to buy two boilers. The trustees neglected to provide this money, and the reason given is contained in the affidavit of Mr. Travis, which is the only paper submitted in opposition.

I am not able to find in the statute any provision requiring the commissioners to present to the trustees any statement other than that which they have already presented, showing how they have expended the moneys that came into their possession, nor is there anything in the law authorizing the trustees to decide upon the necessity for the purchase of boilers. Indeed, the statute seems to sedulously take from the trustees the decision of such questions.

In the absence of a direct and sustained charge of illegality, or a direct and sustained charge of fraud, the court has no authority to interfere with public officers in the discharge of their duties.

The application is granted.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

H. T. Dykman, for appellants.

John M. Digney (Henry C. Henderson, of counsel), for respondents.

PER CURIAM. Orders affirmed, with $10 costs and disbursements, on the opinion of Mr. Justice Keogh at Special Term.